**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **KOCH INDUSTRIES, INC. AND SUBSIDIARIES,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No. 06-1049-JTM |
| **THE UNITED STATES OF AMERICA,** ) ) | |
| **Defendant.** ) ) ) | |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiff's motion for a protective order (Doc. 18) pursuant to Fed. R. Civ. P. 26(c). Defendant concedes that a "reasonable protective order addressing genuine proprietary materials" is appropriate. However, defendant opposes the motion, arguing that the proposed order is "unjustifiably overbroad." For the reasons set forth below, the motion shall be DENIED WITHOUT PREJUDICE.

### Background

This is an action to recover federal income taxes paid by "Koch Industries, Inc. and

subsidiaries" (herein "Koch") for taxable years 1998 through 2001.[1]  Koch filed a consolidated federal income tax return on behalf of itself and its subsidiaries.  This refund controversy springs from the tax consequences of payments made by the New Mexico Highway and Transportation Department to Mesa PDC, LLC ("Mesa," an indirect, wholly-owned subsidiary of Koch).[2]  Apparently, Koch treated Mesa's contract with New Mexico as a long-term contract under Internal Revenue Code § 460 and applied a "percentage of completion" method when reporting income and expenses.  However, after conducting an audit the Internal Revenue Service required Koch to report the Mesa-New Mexico contract under the accrual method of accounting rather than the § 460 percentage of completion method.  The change in treatment of Mesa's income/expenses increased Koch's federal income taxes for 1998 through 2001 by a total of approximately twenty million dollars.  Koch paid the additional income tax and brings this action for a refund under 26 U.S.C. § 7422.

## Motion for Protective Order

Koch seeks a protective order concerning the following categories of documents:

(a) plaintiff's federal, state, and local tax and information returns;

---

[1] Koch Industries is a privately held Kansas corporation and "parent" of an affiliated group of corporations.

[2] The contract relates to the expansion of Highway 44 from two lanes to four lanes between San Ysidro and Bloomfield, New Mexico.  Mesa alleges that its obligations include "construction services" and "ancillary obligations" for a period of up to 20 years.

>   (b)  plaintiff's financial information, including income statements, balance sheets, scorecards, maintenance and reconstruction projections, cost summaries, and expenditure summaries;
>
>   (c)  proprietary information, including asphalt mix designs, database quality information, quality builder software, KMC sale and divestiture information, contracts and deal proposals;
>
>   (d)  plaintiff's confidential information, including research, development, and commercial information.

Koch argues that the above categories of information could be used by competitors to Koch's disadvantage; therefore, the information should be covered by a protective order. For example, Koch asserts that the disclosure of its asphalt mix designs could be used by competitors to Koch's detriment. Koch also argues that it is a privately held company and that its competitors and "those who are simply nosy" should not be allowed an "unwarranted and unnecessary window into the financial status and activities of a heretofore private company."

Defendant counters that the motion and proposed protective order are overbroad and that Koch has failed to show good cause to overcome the "presumption of openness" and the public's interest "in understanding disputes that are presented to a public forum for resolution." In short, defendant argues that this is a tax refund dispute and "to fully understand any decision in this case, the public must have access to the documents upon which the Court's ultimate decision rests." The parties' arguments are discussed in greater detail below.

As a preliminary matter, the court notes that although Koch's motion is characterized

-3-

as a request for a protective order "to govern the discovery phase of this case," the parties' arguments focus on the potential disclosure of business and financial information to the public in the context of dispositive motions or a trial on the merits. For example, defendant argues that Koch's protective order would cover virtually all documents, including tax returns, necessary for the court's consideration when ruling on the merits. Koch counters that it is "only trying to protect confidential proprietary information, which the court does not need for its decision, and is not seeking to protect any of the information that is necessary for this court to decide the legal issue."

These arguments present two problems. First, the legal and factual issues necessary to a resolution of the merits of this case are not well-defined at this stage of the litigation. Furthermore, the court has insufficient information concerning the content of the various tax returns, financial statements, contracts, and other business documents for which Koch seeks protection and which defendant believes should be available for public viewing.[3] Under the circumstances, the court declines to express an opinion concerning which documents and information are "necessary" to resolve this tax refund dispute.

Second, although "discovery" is obviously related to the "trial phase," there are important distinctions. For example, the scope of discovery defined by Fed. R. Civ. P. 26(b) provides that the "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense." Moreover, "relevant information need not be

---

[3] For example, Koch seeks to protect information described as "database quality information." What information is encompassed by this description is unclear.

-4-

admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. In contrast, "relevant evidence" for purposes of trial is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Because of the liberal scope of discovery, sensitive financial or personal information is often requested during discovery which, after review, fails the test of "relevant trial evidence" under Rule 401.[4]

The protective order proposed by Koch is one which is frequently agreed to by seasoned litigators when both sides recognize that sensitive personal, business, or financial information will be the subject of discovery requests. In the typical context, the parties stipulate to a protocol for designating information as "confidential" and/or "attorney-eyes only" rather than submit every item to the court for review. Pursuant to the stipulation, designated materials are produced for review on an expedited basis and further distribution or use is limited by the terms of the agreement. The stipulation also frequently includes a method for challenging a document's designation as "confidential." Because such stipulated protective orders facilitate and expedite the exchange of sensitive information during the

---

[4] Indeed, it is not unusual for a party to allow opposing counsel an opportunity to review confidential business or personnel records to establish that the records contain no relevant information. For example, in a discrimination case, plaintiff's counsel is frequently allowed to review the personnel files of "comparable employees." The mere fact that counsel had access to a non-party employee's personnel file during discovery does not mean that the employee's entire file should then be available for viewing by the public.

"discovery phase," this court has regularly approved such agreed orders.

Unfortunately, in this case defendant is unwilling to agree to Koch's suggested protocol for handling sensitive or confidential information during the discovery phase. The defendant is concerned that such a stipulation will carry over to a trial on the merits. However, for the reasons expressed above, this court declines the parties' invitation to specify which information/evidence, if any, will be sealed or made available to the public when this case is tried. Because the only concern at this time is the exchange of information in the discovery context, the parties shall confer to determine whether an agreed protective order can be reached which facilitates the expedited disclosure of information. The following admonitions shall guide the parties in their discussions.

First, an agreed order by the parties is preferable because the process of exchanging discovery materials will be expedited. However, should the parties be unable to reach agreement, they may file appropriate motions to compel and/or for protective orders. The parties' arguments and the disputed "information" shall be addressed in a comprehensive and detailed manner.[5]

Second, because the legal and factual issues are not well-defined at this point, the

---

[5]

If necessary, Koch may submit the documents or disputed information under seal for in camera review. Additionally, the government must be prepared to explain/support its argument that "public policy requires [that a lawsuit in federal court] be done as 'openly as possible.'"

protective order shall focus on the exchange of information during discovery.[6] The method and disclosure of "evidence" at the time of trial or in any dispositive motion will be resolved at a future date.

Third, the fact that Koch is a privately held corporation does not warrant special consideration. Although Koch's tax returns are more complex than the average individual's return, the court will apply the same standard to Koch as it would to any other taxpayer or business engaging in a tax refund dispute. On the other hand, the court will not countenance a litigation strategy that seeks to leverage a party's negotiating position by threatening to disclose business and financial information that is not relevant to the issues in this tax refund dispute.[7]

**IT IS THEREFORE ORDERED** that Koch's motion for a protective order (**Doc. 18**) is **DENIED WITHOUT PREJUDICE.** The parties shall confer and advise the court by **September 29, 2006,** whether any agreement concerning a protective order has been reached.

---

[6] At this time, it is not clear whether a trial will be necessary or whether the matter will be submitted on dispositive motions.

[7] The court's comments are not intended to suggest that the government has engaged in such a strategy. Rather, the admonition is intended to remind the parties to focus on information which is relevant and necessary to the issues in the case. For example, it appears doubtful that the disclosure of a specific formula for an asphalt mix would be necessary for the resolution of this tax refund dispute. Similarly, because the tax dispute concerns a specific subsidiary and contract, it is not clear what purpose would be served by placing Koch's relationship with other companies and subsidiaries into evidence.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 19th day of September 2006.

>S/ Karen M. Humphreys
>_____
>KAREN M. HUMPHREYS
>United States Magistrate Judge