# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KOCH INDUSTRIES, INC. AND )
SUBSIDIARIES, )
　)
    **Plaintiff,** )
　)
v. )  Case No. 06-1049-JTM
　)
THE UNITED STATES OF AMERICA, )
　)
    **Defendant.** )
　)
　)

## MEMORANDUM AND ORDER

This action to recover federal income taxes paid by Koch is before the court on the United States' motion to compel and to extend the discovery schedule (Doc. 77). For the reasons set forth below, the motion to compel shall be GRANTED IN PART but the request to extend the discovery schedule shall be DENIED.[1]

---

[1] The nature of this lawsuit was described in an earlier opinion and will not be repeated. See Memorandum and Order, Doc. 23.

**Motion to Compel**

**Deposition Questions**

Brian McWaters apparently has knowledge of Koch's efforts to sell Koch Performance Roads, Inc. ("KPRI"), a wholly-owned subsidiary responsible for managing the Highway 44 project which is the source of this tax dispute. Doc. 78, pages, 4-5. Mr. McWaters' deposition was taken on October 25, 2007. In an attempt to determine whether Koch provided third-parties with inconsistent maintenance projections and/or warranty descriptions, the United States asked McWaters to provide the identity of the potential purchasers of KPRI. However, plaintiff's counsel instructed McWaters not to answer questions concerning the identity of the potential purchasers of KPRI based on "a confidentiality." Doc. 79-3, McWaters' Deposition, p. 3, lines 9-20. The United States moves to compel answers to its deposition questions and for sanctions. As explained below, the request to compel deposition answers and for sanctions shall be denied.

On October 30, 2007 the United States sent plaintiff an email explaining why McWaters' refusal to answer the deposition questions was wrong and that the information should be provided. The email also requested that Koch state its position by October 31, 2007. In response to the email message, Koch reviewed its confidentiality agreements with potential purchasers and determined that disclosing the identities would not constitute a breach of those agreements. Koch then advised defense counsel (Michael Roessner) by telephone that Koch would disclose the names of the potential purchasers and sent a

confirming email on October 31 at 5:18 p.m. with the names of the potential purchasers. Apparently a misunderstanding in communication occurred because the United States filed its motion to compel on October 31, 2007 at 4:33 p.m. Because the information has been provided, the issue of compelling answers to the deposition questions is **MOOT**.

With respect to sanctions, the court is not persuaded that Koch should be penalized for the brief delay in providing the requested information. Mr. McWaters, rather than defense counsel, first raised the issue of a confidentiality agreement and restrictions on disclosing the names of potential purchasers. Plaintiff's counsel supported Mr. McWaters' assertion of a confidentiality agreement during the deposition but, after further review of the contracts, determined that the contracts did not prohibit such disclosures. As noted above, the requested information was provided to the United States six days after the deposition and, under these circumstances, sanctions will not be imposed.

**Redaction of Responsive Documents**

Koch produced documents responsive to defendant's discovery requests with redactions. The United States moves to compel the documents in "unredacted" form. Koch opposes the motion, arguing that the redacted portions contain information that is neither relevant nor responsive to defendant's discovery requests.[2]

As a general rule, documents responsive to a discovery request are produced "as is"

---

[2] The number of documents with redactions based on a "lack of relevance" is unclear.

unless the producing party carries its burden of establishing a valid justification for the redaction. See, e.g., Smith v. MCI Telecom Corp., 137 F.R.D. 25, 27 (D. Kan. 1991)(party redacting documents carries the burden of showing that redacted materials are irrelevant). Koch's conclusory assertion that the redacted materials are irrelevant is not sufficient because neither defendant nor the court can determine whether the redacted information is irrelevant. Accordingly, the United States' motion to compel production of the documents in unredacted form shall be GRANTED.**[3]**

**Privilege Log**

Koch provided the United States with a three-volume privilege log that listed 1,295 documents.[4] The United States moves to compel, arguing that documents have inappropriately been withheld on the basis of the attorney client privilege because "multiple documents on the privilege log were distributed to different individuals, only one of whom is or might be an attorney." Koch opposes the motion to compel, arguing that the attorney client privilege "is not determined by some rote formula that evaluates how many attorneys versus how many non-attorneys received a document." Doc. 82, p. 13. Koch argues that "the key question is whether the substance of the communication with counsel is contained in the document, and has not been shared outside the realm of employees who need to

---

[3] This ruling does not apply to redactions based on work product or the attorney client privilege communications that are identified by plaintiff's privilege log.

[4] The privilege log attached to defendant's motion is 49 pages long.

-4-

understand or obtain that advice." Doc. 82, p. 13. The court agrees with Koch's analysis and the mere fact that more than one "non-lawyer" employee was included in the communication does not destroy the privilege.

Koch also alleges that the communications were between counsel and the client for the purpose of obtaining legal advice and that relevant business people were included in the distribution of privileged communications. The United States does not challenge this assertion.[5] Moreover, the court has reviewed the privilege log and is satisfied that the log adequately describes communications between counsel and Koch employees for the purpose of securing and providing legal advice. Accordingly, the United States' motion to compel documents listed in Koch's privilege log as protected by the attorney client privilege shall be DENIED.

## Motion to Extend Discovery

The United States moves to extend discovery 45 days in order to re-depose Mr. McWaters and "to review all of the unredacted documents that plaintiff has produced and to determine if any follow-up discovery is needed." Doc. 78, p. 13. The court declines the request to re-depose Mr. McWaters since the two deposition questions have now been answered. With respect to the belatedly produced documents in unredacted form, the request for additional time is denied without prejudice, subject to the United States presenting a more

---

[5] No reply was filed to Koch's response brief.

detailed analysis of the need for discovery based on the documents produced pursuant to this opinion.

**IT IS THEREFORE ORDERED** that the United States motion to compel **(Doc. 77-1)** is **DENIED IN PART and GRANTED IN PART**, consistent with the rulings contained herein. Plaintiff shall produce the documents in unredacted form by **January 18, 2008.** The United States' motion for an extension of time to complete discovery **(Doc. 77-2)** is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 9th day of January 2008.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge