IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KOCH INDUSTRIES, INC. AND SUBSIDIARIES,

    Plaintiff,

vs.                    Case No. 06-1049-JTM

UNITED STATES OF AMERICA,

    Defendant.

MEMORANDUM AND ORDER

On July 11, 2008, the court granted summary judgment in favor of plaintiff Koch Industries, and denied the motion of the United States, in this tax refund claim. Koch sought a determination of that it was entitled to employ the percentage-of-completion method (PCM) of accounting authorized by 26 U.S.C. § 460 in calculating the taxes associated with a highway construction project. The Tenth Circuit reversed the award of summary judgment, finding that PCM was not applicable, and remanded the case "for entry of summary judgment in favor of the government." (Dkt. 131, at 18).

On August 31, 2010, the court accordingly issued a Memorandum and Order. (Dkt. 132). The Clerk entered judgment in favor of the United States the same day. (Dkt. 133).

This matter is before the court on Koch's Motion to Clarify and Amend Order and Judgment, or in the alternative, to Vacate. Koch seeks an order clarifying this court's Order of August 31, 2010 pursuant to Fed.R.Civ.Pr. 60(a), seeking to resolve any ambiguity as to whether the court's Order was intended to also resolve other, non-PCM related refund theories that were advanced in its Complaint. Alternatively, if the court did intend such a ruling, Koch moves to vacate the Judgment under Rule 60(b) on the grounds of inadvertence, surprise, or excusable neglect. (Dkt. 134).

The government argues (Dkt. 135) that the court should grant no relief under either Rule 60(a), as Koch has waived any right to present its alternative refund claims, and because the court was compelled by the Tenth Circuit's mandate to enter judgment against Koch. It argues that Koch is not entitled to Rule 60(b) relief because it has abandoned its other claims and has failed to establish the existence of excusable neglect.

The court need not address the alternative Rule 60(b) argument of the plaintiff, as Rule 60(a) relief is clearly justified. That is, the court finds that the August 31, 2010 Order was not intended to resolve any claims other than those presented in the previous summary judgment motions, specifically, the application of 26 U.S.C. § 460. To clarify and remove any ambiguity, the court hereby finds that Koch's remaining refund claims remain at issue, and that judgment is entered against Koch only as to its entitlement to use PCM accounting.

The government concedes that Koch set forth in detail various alternative refund theories in its Complaint. (Dkt. 135, at 3). But the government argues that Koch has "waived" its rights to these claims since it did not subsequently raise the issues during the cross-motions for summary judgment. It also contends that Koch waived these theories when it failed to seek a ruling on the issue, citing *U.S. Aviation Underwriters v. Pilatus Bus. Aircraft*, 582 F.3d 1131, 1142 (10th Cir. 2009).

The court finds the government's waiver argument lacks merit. The issue of the alternative refund theories were never raised because they were never the subject of any real or substantial dispute. Just as Koch did not raise the issue in its summary judgment motion, and did not seek a ruling on those theories, the motion by the United States was equally narrow and quite literally circumscribed: "*Specifically*, the United States seeks a judgment that the income Koch received ... *does not qualify as a long-term contract under Internal Revenue Code Section 460.*" (Dkt. 87, at 1) (emphasis added). Similarly, it argued in its brief on the motion that the court should find that "Koch is not entitled to treat the income it received from the Agreement and Warranty under the percentage of completion method of I.R.C. § 460." (Dkt. 88, at 30).

Neither party sought a ruling on the issue of the alternative refund theories. The only issue raised by the cross-motions, and accordingly in the appeal, was the application of § 460.

When this court issued its ruling on July 11, 2008, it did so only as to Koch's primary,

PCM claim. That this was so was clearly understood by the government, which sent an e-mail to Koch seeking to ensure that the court did not issue a comprehensive judgment. Instead, additional computational efforts were required, the government wrote, because:

> [t]he motions for summary judgment and the district court's ruling only concerned the tax treatment of the $62 million related to the Warranties, and not for other matters raised in the claims for refund and the complaint. The judgment was not for a sum certain.

(Dkt. 136, Exh. 4). And in due course, the government and Koch submitted agreed refund amounts, which were based upon both PCM treatment and application of Koch's alternative and computational adjustment theories.

In its Motion to Clarify, Koch affirmatively states that the alternative theories were in fact not a source of controversy, and that the IRS essentially agreed that the alternative remedies were legitimate if the PCM claim failed. (Dkt. 134, at 4). The plaintiff further alleges that after the Tenth Circuit issued its mandate on April 27, 2010, it wrote to the government on July 21, 2010 to inquire about the status of its alternative refunds, and that the government made no objection to such refunds, nor did it raise any argument of waiver. Further, the plaintiff alleges that it has communicated with the relevant IRS examination team, which has indicated that the alternative refunds are appropriate, and has only delayed approving the refunds pending notification by the Department of Justice that the case has been otherwise closed. (*Id*. at 5-6). Strikingly, the government challenges none of these factual averments in its Response.

The cases cited by the government are inapposite. In *U.S. Aviation Underwriters*, for

example, the court held simply that an appealing party may waive a legal theory when it fails to present it on the appeal. But here it was the government which appealed the court's 2008 Order, not Koch, and it did so solely on the basis of challenging Koch's entitlement to PCM treatment. Similarly, its *res judicata* argument (Dkt. 135 at 6-7) relying on *IRS v. Sunnen*, 333 U.S. 591, 598 (1948) is without merit, as Koch is not attempting to present a separate refund suit after meeting defeat in a separate case. Nor was the court compelled to reject the alternative refund adjustments pursuant to the Tenth Circuit's mandate, as suggested by the government. The Tenth Circuit's directive "for entry of summary judgment in favor of the government" was immediately preceded by its holding that "Koch was not entitled to use [PCM] accounting under 26 U.S.C. § 460." (Dkt. 133, at 18). This mandate does not bar alternative refund adjustments.

Had the government consistently and openly denied Koch's entitlement to other refunds in the event its PCM claim failed, its current waiver or abandonment argument might have some credence. Instead, given the history of the case, it appears that the government has advanced this argument only recently, attempting to simultaneously manufacture an ambiguity in the court's rulings, and use that supposed ambiguity as a weapon. While this strategy requires it to tacitly ignore its earlier actions in failing to actively challenge the alternative refund adjustments, this court need not follow suit.

The court finds that for good cause shown, the plaintiff's Motion to Clarify is hereby granted pursuant to Rule 60(a). To remove any and all possible ambiguity or opportunity

for misconstruction, the court clarifies its prior Order to specify that, pursuant to the Tenth Circuit's mandate, the court grants summary judgment in favor of the government, "determining that the income Koch received during the years 1998 through 2001, under the Agreement for Corridor 44 Professional Services and Warranty, does not qualify as a long-term contract under Internal Revenue Code Section 460." (Dkt. 87, at 1). This judgment does not address any other issues or claims for refund raised in Koch's Complaint.

IT IS SO ORDERED this 11th day of April, 2011, that the plaintiff's Motion to Alter or Clarify (Dkt. 134) is granted as provided herein.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE